IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 14-00304-CG |
| | ) | |
| JAQUAN ARKEEM HALE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

# ORDER

This matter is before the court on defendant Jaquan Arkeem Hale's Motion to Set Aside Guilty Plea as to Count Three (Doc. 40) and the United States' response in opposition (Doc. 48).

In open court on March 2, 2015 (Doc. 34), pursuant to a Rule 11 plea agreement (Doc. 33), defendant pled guilty to Counts 2 & 3 of the Indictment, charging the offenses of possession with intent to distribute marijuana in violation of Title 21, U.S.C., § 841(a)(1) as charged in Count 2; and using and carrying a firearm in furtherance of a drug trafficking felony in violation of Title 18, U.S.C., § 924(c)(1)(A) as charged in Count 3. Sentencing was set for July 1, 2015 (Doc. 34). On June 11, 2015, retained counsel filed a notice of appearance for the defendant (Dc. 36), and the following day, Hale's court-appointed counsel withdrew from representation because of retained counsel's appearance (Doc. 37). On June 22, 2015, defendant moved to withdraw his guilty plea as to Count Three, claiming he "did not intent to

plead guilty to Count Three. . . . The firearm recovered in the residence was owned by an unindicted co-defendant (sic) and the Defendant was not aware that the firearm was present." (Doc. 40).

## ANALYSIS

A.   **Setting Aside Guilty Plea**

After the district court has accepted a plea and before sentencing, a defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). In determining whether the defendant has met the burden to show a "fair and just reason," a district court "may consider the totality of the circumstances surrounding the plea." United States v. Buckles, 843 F.2d 469, 471–72 (11th Cir. 1988) (citations omitted). For this inquiry, the court may consider "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw [his] plea." Id. at 472 (citations omitted). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide." Id. (citation omitted). Additionally, a guilty plea may not be knowing and voluntary if the accused does not understand the nature of the constitutional protections he is waiving or has such an incomplete understanding of the charges that his plea

cannot be construed as an intelligent admission of guilt. Gaddy v. Linahan, 780 F.2d 935, 943 (11th Cir. 1986) (citations and quotations omitted).

At the time Defendant entered his guilty plea, the following colloquy occurred while the defendant was under oath:

> THE COURT: All right. Do you understand that you are now under oath and that if you answer any of my questions falsely, those answers may later be used against you in a separate prosecution for perjury or for making a false statement?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: All right. What is your full name?
> THE DEFENDANT: Jaquan Arkeem Hale.
> THE COURT: How old are you?
> THE DEFENDANT: 24.
> THE COURT: Where were you born?
> THE DEFENDANT: Mobile, Alabama.
> THE COURT: And how far did you go in school?
> THE DEFENDANT: Ninth grade.
> THE COURT: Have you been treated recently for any mental illness or addiction to any sort of drug?
> THE DEFENDANT: I recently was incarcerated and the took the drug class.
> THE COURT: Have you had any treatment for drug addiction?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Where was that?
> THE DEFENDANT: It was Easterling Correctional Facility.
> THE COURT: Okay. So you went through a drug program there; is that correct?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: All right. And are you currently under the influence of any drug, medication, or alcoholic beverage?
> THE DEFENDANT: No, ma'am.
> THE COURT: Have you received a copy of the indictment, the written charges in your case?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: And have you discussed those charges fully and the case in general with Mr. Tiemann?
> THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand the charges pending against you?
THE DEFENDANT: Yes, ma'am.
THE COURT: Are you fully satisfied with the counsel, representation, and advice given to you in this case by your attorney?
THE DEFENDANT: Yes, ma'am.
THE COURT: All right. Now, just a minute ago I was given this plea agreement that I saw you sign at the back table there. Did you have the opportunity to read and discuss this plea agreement with Mr. Tiemann before you signed it?
THE DEFENDANT: Yes, ma'am.
THE COURT: Do you have any agreements with the government concerning your case that are not written down in your plea agreement?
THE DEFENDANT: No, ma'am.
THE COURT: Do you understand the terms of your plea agreement?
THE DEFENDANT: Yes, ma'am.
THE COURT: Has anyone made any promise or assurance to you of any kind that is not in the plea agreement in order to persuade you to accept the plea agreement?
THE DEFENDANT: No, ma'am.
THE COURT: Has anybody threatened you to get you to accept it?
THE DEFENDANT: No, ma'am.
THE COURT: Do you understand that certain of the terms of the plea agreement are merely recommendations to the Court and that I can reject those recommendations without permitting you to withdraw your plea of guilty and impose a sentence that's more severe than you might anticipate?
THE DEFENDANT: Yes, ma'am.
THE COURT: Has anyone attempted in any way to force you to plead guilty?
THE DEFENDANT: No, ma'am.
THE COURT: Or threatened you to get you to plead guilty?
THE DEFENDANT: No, ma'am.
THE COURT: Has anyone made any promises or assurances of any kind to get you to plead guilty other than what is in the plea agreement?
THE DEFENDANT: No, ma'am.
THE COURT: Are you pleading guilty of your own free will because you are guilty?

THE DEFENDANT: Yes, ma'am.
THE COURT: Do you understand that the offense or offenses to which you are pleading guilty are felony offenses and that if your plea is accepted you will be adjudged guilty of those offenses and that such adjudication may deprive you of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm?
THE DEFENDANT: Yes, ma'am.
THE COURT: Now, the maximum penalty the Court could impose upon conviction of count two, which is the possession of marijuana count, is, I believe, up to five years' imprisonment, a fine not to exceed $250,000, a term of supervised release of up to two years which would follow any term of imprisonment, and if you violated the conditions of supervised release you could be imprisoned for that entire term, and a mandatory special assessment of $100.
As to count three, which is the possession of the firearm or in connection with the drug dealing, it would be a minimum mandatory five years consecutive to whatever you get on count two, a fine not to exceed $250,000, again a term of supervised release of five years which would follow any term of imprisonment, if you violated the conditions of supervised release you could be imprisoned for that entire term, and a mandatory special assessment of $100. Do you understand those possible consequences of your guilty plea?
THE DEFENDANT: Yes, ma'am.
THE COURT: All right. Ms. Bedwell, let me ask you, there are no enhancements that have been filed in this case?
MS. BEDWELL: That's correct, Your Honor.
THE COURT: Okay. Now, the United States Sentencing Commission has issued sentencing guidelines for judges to consider when determining the sentence in a criminal case. Have you and Mr. Tiemann talked about how the guidelines might apply to your case?
THE DEFENDANT: Yes, ma'am.
THE COURT: Do you understand that the Court will not be able to determine the guideline range until after the probation office has prepared a presentence report and you and the government have had the opportunity to challenge the reported facts and the application of the guidelines recommended by the probation office and that the sentence ultimately imposed may be different from any estimate your attorney or anybody else might have given you in this case?

THE DEFENDANT: Yes, ma'am.
THE COURT: Do you also understand that after the initial advisory guideline range has been determined, the Court has the authority in some circumstances to depart either upwards or downwards from that range and will also examine other statutory sentencing factors that may result in a sentence that is either greater or lesser than that called for by the guidelines?
THE DEFENDANT: Yes, ma'am.
THE COURT: Do you understand that under some circumstances you or the government may have the right to appeal any sentence that I impose? However, your plea agreement contains a limited waiver of your right to appeal and in your case you have retained the right to appeal only if sentence is imposed in excess of the statutory maximum, if sentence is imposed that constitutes an upward departure or variance from the sentencing guideline range, or if you have a claim of ineffective assistance of counsel. Do you understand that you have waived your right to appeal in all but those three circumstances outlined in your plea agreement?
THE DEFENDANT: Yes, ma'am.
THE COURT: Do you also understand that in your plea agreement you have waived your right to file a 2255 petition, or a collateral attack on your conviction or sentence after it becomes final, unless you have a claim of ineffective assistance of counsel?
THE DEFENDANT: Yes, ma'am.
THE COURT: Do you understand that you have a right to plead not guilty to any offense charged against you and to persist in that plea and that you would then have the right to a trial by jury, at that trial you would be presumed to be innocent and the government would have to prove your guilt beyond a reasonable doubt, you would have the right to the assistance of counsel for your defense, the right to see and hear all of the witnesses and have them cross-examined in your defense, the right on your own part to decline to testify unless you voluntarily elected to do so in your own defense, and the right to the issuance of subpoenas to compel the attendance of witnesses to testify in your defense?
THE DEFENDANT: Yes, ma'am.
THE COURT: And do you understand that if you went to trial and decided not to testify or to put on any evidence at all, those facts could not be used against you?
THE DEFENDANT: Yes, ma'am.

THE COURT: Do you further understand that by entering a plea of guilty, there will be no trial and you will have waived or given up your right to a trial as well as those other rights associated with a trial that I've just described?
THE DEFENDANT: Yes, ma'am.
THE COURT: All right. You are pleading guilty to two counts. In order to convict you of count two, the government would have to prove that you knowingly possessed marijuana and that you possessed that drug with the intent to distribute it. As to count three, the government would have to prove that you committed the drug-trafficking crime charged in count two, that you knowingly used, carried, or possessed a firearm and that the use or carrying or possession of the firearm was in relation to or in furtherance of that drug-trafficking offense. Do you understand what the government would have to prove in order to convict you of those counts?
THE DEFENDANT: Yes, ma'am.
THE COURT: All right. Now, a minute ago I asked you if you had signed the plea agreement – well, I didn't ask you that, but I saw you sign the plea agreement and the factual resume. And I want to make sure that you understand that by signing the factual resume you are agreeing that the government could prove the facts set forth in that document in support of your guilty plea. Do you understand and agree to that?
THE DEFENDANT: Yes, ma'am.
THE COURT: All right. I have read that. So I'll now ask you how do you plead to the charges, guilty or not guilty?
THE DEFENDANT: Guilty.
THE COURT: All right. It is the finding of the Court in the case of Jaquan Arkeem Hale that the defendant is fully competent and capable of entering an informed plea, that he is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The plea is therefore accepted and the defendant is now adjudged guilty Of those of those offenses.

(Doc. 49, pp. 3 - 11).

As noted above, the defendant stated under oath that he had read and discussed the plea agreement with his lawyer before he signed it. The plea agreement provided, in part:

> 2. The defendant … pleads guilty to Counts 2 and 3 of the Indictment, charging violations of Title 21, United States Code, Section 841(a)(1), possession with intent to distribute marijuana, and Title 18, United States Code, 924(c)(1)(A), using and carrying a firearm in furtherance of a drug trafficking felony.
>
> 3. The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.
>
> 4. The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.
>
> . . . .
>
> 6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offense.
>
> 7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge. The defendant believes that his attorney has represented him faithfully, skillfully and diligently, and he is completely satisfied with the legal advice of his attorney.
>
> . . . .

> 9. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. . . . The defendant is pleading guilty because he is guilty.

(Doc. 33. pp. 1 – 3).

Defendant has now moved to withdraw his guilty plea as to Count Three, arguing that he did not intend to plead guilty to Count Three because the firearm in question was owned by "an unindicted co-defendant" and the Defendant was not aware that the firearm was in the residence. Taking into account questions of good faith and credibility, the Court concludes that the defendant has offered no legitimate reason for withdrawing his guilty plea. As to the first <u>Buckles</u> factor regarding close assistance of counsel, Defendant told the Court under oath that he had fully discussed the charges and the case in general with his lawyer, and that he understood the charges pending against him. In addition, he stated that he had discussed and read the plea agreement with his lawyer before he signed it, and that he understood its terms. He therefore had close assistance of counsel in making his determination to enter a guilty plea to Count Three.

As to the second <u>Buckles</u> factor, Defendant has failed to show that his plea was not knowing or voluntary. Defendant had able assistance of appointed counsel throughout the process, and he knowingly and voluntarily pled guilty to possession of a firearm in furtherance of a drug trafficking offense, as charged in Count Three. He was advised by the Court of the

9

maximum penalty the Court could impose on conviction of Count Three, which the Court specifically described as "possession of the firearm … in connection with the drug dealing".  The Court also informed him of what the government must prove in order to convict him of Count Three:

> As to count three, the government would have to prove that you committed the drug-trafficking crime charged in count two, that you knowingly used, carried or possessed a firearm and that the use or carrying or possession of the firearm was in relation to or in furtherance of that drug-trafficking offense.

(Doc. 49, p.10).   Additionally, the plea agreement, which Defendant testified he read and discussed with his counsel, specified that the guilty plea would be to Count Two and Count Three, describing Count Three as a violation of "Title 18, United States Code, 924(c)(1)(A), using and carrying a firearm in furtherance of a drug trafficking felony."  (Doc. 33, p.1).  If, as Defendant now claims, he had no knowledge of the presence of the firearm, this alleged fact was surely known to him when discussing the case with his lawyer, when going over the Plea Agreement, and when entering the plea to possession of a firearm in furtherance of a drug trafficking offense.  The Court finds that the defendant's claim that he did not know he was entering a plea to Count Three is incredible.

The third and fourth Buckles factors also do not weigh in his favor, as allowing withdrawal of the guilty plea under these circumstances would

waste judicial resources and could prejudice the United States.[1] The Court is mindful of the gravity associated with pleading guilty, but based on the totality of the circumstances there is not a fair and just reason for withdrawing the guilty plea.  The Court therefore affirms its conclusions at the guilty plea hearing.

## CONCLUSION

Defendant has not articulated a fair and just reason for withdrawing his guilty plea. The undersigned accepted his guilty plea on March 2, 2015, following a Rule 11 inquiry in open court. Defendant entered the guilty plea knowingly, voluntarily, and with close assistance of counsel. For all of the foregoing reasons, defendant's Motion to Set Aside Guilty Plea as to Count Three (Doc. 40) is **DENIED.**

**DONE and ORDERED** this 13th day of August, 2014

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[1] Where, as here, defendant fails to satisfy the first two factors of the Buckles analysis, a court need not "give particular attention" to the other factors. See United States v. Gonzalez–Mercado, 808 F.2d 796, 801 (11th Cir. 1987).