# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 14-304-CG-C |
| | ) |
| JAQUAN ARKEEM HALE | ) |
| | ) |

## ORDER

This matter is before the Court on Defendant, Jaquan Arkeem Hale's ("Hale") *pro se* "Motion Correct Clerical Error". (Doc. 113). Upon consideration and for the reasons set forth herein below, Hale's motion is **DENIED**.

## DISCUSSION

Hale's most recent motion is the latest in a string of motions which seek an order clarifying or correcting this Court's sentencing order so that Hale's federal sentence will run concurrently with his state court sentence in CC-2015-5648. (*See* Docs. 78, 80, 88, 90, 92, and 105). This Court has repeatedly denied or dismissed Hale's motions for various reasons, including lack of authority, lack of jurisdiction, or because no clerical error exists. (*See* Docs. 79, 81, 89, 91, 93, 110).

In his most recent motion, Hale again asserts that his federal sentence was meant to be run concurrently with his state court sentence in DC-2014-9994 and that because his district court case later became CC 2015-5648, Hale's federal sentence should run concurrently with his sentence in CC-2015-5648. (Doc. 113). Hale seeks an order from this Court running his sentences concurrently. (*Id.*)

Hale's current motion raises no new arguments and offers no additional legal grounds which would allow this Court to provide the relief he seeks.  As such, this Court adopts and incorporates its previous order denying relief as if fully set forth herein.

This Court has repeatedly informed Hale that "[w]hen the defendant was sentenced, the state circuit court case did not exist, and the state district court case did. The state circuit court case was not filed until September 25, 2015, which was a month after the defendant's sentencing in this case. (See Exhibit A to Doc. 90). There was therefore no clerical error in the judgment to correct." (Doc. 90).  It has additionally informed Hale that "[t]he Federal Bureau of Prisons, not this Court, has exclusive authority to determine whether a defendant should receive credit for time spent in custody before the federal sentence commences. (Docs. 93, 110) *See United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) (citing Wilson) *abrogated on other grounds*. Further, although Hale indicates that he is not seeking a modification of his sentence, the Court has made Hale aware that he has not identified any statute or rule that gives this Court the authority to modify his sentence.  (Doc. 110).  Finally, Hale has been informed that pursuant to 28 U.S.C. § 2241, "[A] federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *United States v. Williams*, 425 F.3d 987, 990 (quoting *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989) (interpreting § 3585(b)'s predecessor, § 3568)) and that "Section 2241 petitions may

be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Vance v. United States*, 476 F. App'x 234 (11th Cir. 2012); *United States v. Cox*, 2020 WL 5166039 at *2 (S.D. Ala. August 31, 2020). As a result, Hale's § 2241 petition must be filed in the United States District Court where he is confined and USP Big Sandy is not located within this district. (*See* https://www.bop.gov/inmateloc/)( last visited April 28, 2022).

Because Hale has not presented any valid argument or legal support for the relief he now seeks, his motion, like those before it, is due to be denied. Hale is additionally informed, that future motions which seek the same relief without any legal basis, will continue to be denied.

## CONCLUSION

For the reasons set forth herein above, Hale's motion (Doc. 113) is **DENIED**. **DONE** and **ORDERED** this 28th day of April, 2022.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE